UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLAUDIA PINEDA,

    Plaintiff,

v.                                                  Case No.: 2:21-cv-653-SPC-MRM

TRANS UNION, LLC and
HABITAT FOR HUMANITY OF
LEE AND HENDRY COUNTIES,
INC.,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Trans Union LLC's Motion to Dismiss (Doc. 18), Plaintiff's Response in Opposition (Doc. 21), and Trans Union's Reply (Doc. 25). For the following reasons, the Court grants the Motion.

## BACKGROUND

This case arises under the Fair Credit Reporting Act. Claudia Pineda had a mortgage with Habitat for Humanity of Lee and Hendry Counties, Inc., which was closed in September 2015 with a $0 balance. Still, her credit report

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

continued to show that the Habitat account was 30 days past due.[2] She alleges that Habitat furnished this inaccurate and misleading information to Trans Union, which reported the inaccurate information on Pineda's credit report. As a result, she was denied certain credit. She disputed the accuracy of the information in September 2020.

## LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts must accept all well-pled allegations as true and view them most favorably to plaintiff. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).

---

[2] Trans Union attaches the Trans Union credit report to its Motion. The Court considers the credit report because it is central to Pineda's claim, Pineda does not object to the Court considering the credit report, and no party challenges its authenticity. *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

## DISCUSSION

Pineda sues Trans Union for willful and negligent violations of the FCRA under 15 U.S.C. § 1681e(b) and § 1681i(a), which require consumer reporting agencies, such as Trans Union, to ensure that they report consumer information accurately. *See Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1250-51 (11th Cir. 2020). The allegations here are like other cases brought in the Middle District of Florida against Trans Union for its credit reporting. *See Lacey v. Trans Union, LLC*, No. 3:21-cv-519-WFG-JSS, 2021 WL 2917602 (M.D. Fla. July 12, 2021) (dismissed with prejudice, without leave to amend, for failure to state a claim); *Smith v. Trans Union, LLC*, No. 6:21-cv-349-GAP-LRH, 2021 WL 3111583 (M.D. Fla. July 1, 2021) (dismissed with prejudice, without leave to amend, for failure to state a claim); *Estevez v. Trans Union, LLC*, No. 2:21-cv-702-SPC-NPM (motion to dismiss pending).

Pineda's claims require her to plead and prove an inaccuracy in her credit report. Section 1681e provides that in preparing a consumer report, a consumer reporting agency "shall follow reasonable procedures to assure maximum possible accuracy" about an individual. 15 U.S.C. § 1681e(b). "To state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages

3

followed as a result." *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 944 (11th Cir. 2021).

Section 1681i states that "if the completeness or accuracy of any item of information contained in a consumer's file ... is disputed by the consumer ..., the agency shall ... conduct a reasonable reinvestigation to determine whether the disputed information is accurate." 15 U.S.C. § 1681i(a)(1)(A). "The elements of a claim under § 1681i—which focuses on the consumer's credit 'file' rather than his credit 'report'—are the same, except that the plaintiff needn't show that the agency prepared and distributed a report." *Losch*, 995 f.3d at 944. "A plaintiff may recover damages for both negligent and willful violations of § 1681e and § 1681i." *Id.* (citing 15 U.S.C. § 1681o (negligent violations); *id.* § 1681n (willful violations)).

To violate the maximal accuracy standard of the FCRA, "a report must be factually incorrect, objectively likely to mislead its intended user, or both[.]" *Erickson*, 981 F.3d at 1252. Whether a report is misleading is an objective measure "that should be interpreted in an evenhanded manner toward the interests of both consumers and potential creditors in fair and accurate reporting." *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.3d 1151, 1158 (11th Cir. 1991). A report is not maximally accurate if it is "so misleading that it is objectively likely to cause the intended user to take adverse action against its subject." *Erickson,* 981 F.3d at 1252. However, "the fact that some user

somewhere could possibility squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading." *Id.* A credit report must be viewed in its entirety when determining whether it will likely mislead. *See Meeks v. Equifax Info. Servs., LLC*, No. 1:18-CV-03666, 2019 WL 1856411, at *6 (N.D. Ga. Mar. 4, 2019).

The dispute here is whether it was inaccurate for Trans Union to report that the Habitat account was 30 days past due. Trans Union argues that Pineda has failed to state a claim because that information is historical, showing that the account was 30 days past due when it was last updated in 2015. And viewing the account as a whole, the information is accurate and not misleading. Pineda responds that it is plausible that a creditor could interpret the credit report to mean that Pineda is currently delinquent on the Habitat account.

The credit report is ten pages. The first page contains biographical information and a section titled "Account Information," which provides some background on how to read and interpret the report. That section states: "For accounts that have been paid and closed, sold, or transferred, Pay Status represents the last reported status of the account." (Doc. 18-2 at 1). Next is a section titled, "Accounts with Adverse Information," which includes the Habitat account and looks like this:

| HABITAT FOR HUMANITY # ▮▮▮▮ | | ( 1288 N Tamiami Tra, NORTH FORT MYE, FL 33903, (239) 652 0434 ) | | | |
|---|---|---|---|---|---|
| Date Opened: | 07/20/2012 | Balance: | $0 | Pay Status: | ›Account 30 Days Past Due‹ |
| Responsibility: | Individual Account | Date Updated: | 09/29/2015 | Terms: | $0 per month, paid Monthly for 192 months |
| Account Type: | Mortgage Account | Payment Received: | $0 | | |
| Loan Type: | CONVENTIONAL REAL ESTATE MTG | Last Payment Made: | 08/10/2015 | Date Closed: | 09/29/2015 |
| | | High Balance: | $97,000 | | ›Maximum Delinquency of 30 days in 09/2015‹ |

Remarks: TRANSFERRED TO ANOTHER LENDER; CLOSED
Estimated month and year that this item will be removed: 08/2022

| | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 |
|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK |

(Doc. 18-2 at 3). The "Pay Status" field, which states that the account is 30 days past due, is at the heart of the dispute. The report also states that the Habitat account was closed on September 29, 2015; the maximum delinquency was 30 days in September 2015; the account balance is $0; the account is transferred and closed; and the account was last updated the day it was closed.

To start, nowhere in the Complaint does Pineda allege that the information concerning the Habitat account is factually inaccurate. She doesn't deny that the account was past due when it was paid off and closed with a $0 balance in September 2015. Rather, she alleges that the payment status of 30 days past due is incorrect because it is "nonsensical and illogical to report that a transferred, closed account was also delinquent." (Doc. 21 at 2). She argues that the "Pay Status" field is materially misleading because someone reviewing the report could draw negative inferences about her credit, including that the account is still open and past due. But looking objectively at the report as a whole (not just at the "Pay Status" field as Pineda urges), it is not materially misleading. The "Pay Status" field reflects historical information. The first page of the report explains that for closed accounts (such

as the Habitat account), the "Pay Status" field represents the last reported status of the account. The "Pay Status" field does not say that it represents the current status of the account. The report notes that the Habitat account is closed and that 30 days is the maximum delinquency on the account reported in September 2015. "Thus, viewing the credit report objectively, there is no possible way that a reasonable creditor would believe that Plaintiff was [30] days late on a $0 balance." *O'Neal v. Equifax Info. Servs., LLC*, No. 21-cv-80968-RAR, 2021 WL 4989943, at * 3 (S.D. Fla. Oct. 27, 2021).

Neither does Pineda argue that it would be improper for Trans Union to report historical, negative information. The FCRA provides that "[n]o consumer reporting agency may make any consumer report containing ... [a]ny other adverse information ... which antedates the report by more than seven years." 15 U.S.C. § 1681c(b)(1). *See also Cahlin*, 935 F.2d at 1158 (noting that credit reporting agencies have no duty "to report only that information which is favorable or beneficial to the consumer"). Here, the Habitat account became past due in September 2015, less than seven years ago. And the report states that the Habitat account will be removed from the report in September 2022, which is seven years after it was closed.

Pineda's algorithm argument doesn't save the day. She argues that the standard formulated by the Eleventh Circuit in *Erickson* is "antiquated" and assumes that humans would look at credit reports to determine

7

creditworthiness, but in fact credit reporting agencies use algorithms to calculate credit scores. (Doc. 21 at 9-10). The algorithms make computations based on a set of assumptions, including that the "Pay Status" field represents the current status, not historical information. This argument was recently rejected by the Southern District. *See O'Neal*, 2021 WL 4989943, at *3. In *O'Neal*, the court noted that "[h]ow third-party companies choose to utilize algorithms to decipher the accurate information reported by Defendant has no bearing on the accuracy of the report itself." *Id.* The Court agrees. Moreover, Congress is the branch that can amend the FCRA in response to technological advances, not this Court. *See Salcedo v. Hanna*, 936 F.3d 1162, 1169 (11th Cir. 2019).

In sum, the report was both factually correct and not materially misleading. With no inaccurate or misleading information about the Habitat account in the credit report, the claims against Trans Union fail. Because "an accurate report is not actionable under the Act," *see Erickson*, 981 F.3d at 1254, amendment of these claims is futile.[3] *See Hall v. United Ins. Co. of Am.*, 367

---

[3] In her Response, Pineda alleges an entirely new factual scenario in support of her inaccuracy claim, not pled in the Complaint. (Doc. 21 at 15). In her argument, she suggests that it was impossible for the Habitat account to be 30-days delinquent on September 29, 2015, when she made her last payment on August 10, 2015. A litigant cannot supplement the pleadings in response to a motion to dismiss. *See Lee v. Security Check, LLC*, 3:09-cv-421-J-12TEM, 2009 WL 3790455, at *2 (M.D. Fla. Nov. 9, 2009); *Pankey v. Aetna Life Ins. Co.*, No. 6:16-cv-1011, 2017 WL 9362906, at *2 (M.D. Fla. Feb. 24, 2017); *Eiras v. Fla.*, 239 F. Supp. 3d 1331 (M.D. Fla. 2017); *Brandywine Comms. Tech., LLC v. T-Mobile, USA, Inc.*, 904 F. Supp. 2d 1260, 1272 n.13 (M.D. Fla. 2012). Thus, the Court need not consider the

F.3d 1255, 1262-63 (11th Cir. 2004) (stating that a court may properly deny leave to amend when such amendment would be futile).  *See also Lacey*, 2021 WL 2917602 (dismissing claims with prejudice and without leave to amend on similar facts for futility); *Smith*, 2021 WL 3111583 (same).

Accordingly, it is now

**ORDERED:**

1. Defendant Trans Union LLC's Motion to Dismiss (Doc. 18) is **GRANTED**.  The claims against Trans Union are dismissed with prejudice.  The Clerk is directed to **terminate** Trans Union from the case.  This case remains ongoing as to Defendant Habitat.

2. Defendant Trans Union LLC's Unopposed Motion to Stay (Doc. 24) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 6, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

argument.  But even if it did, the argument doesn't move the ball.  The report notes that 30 days is the *maximum* delinquency on the account in September 2015, which is accurate and not misleading.